**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

| | |
|---|---|
| IN RE: | |
| MURRAY ARMSTRONG<br>EVA S. ARMSTRONG | CASE NO. 05-30911 |
| DEBTORS | |
| BEVERLY BURDEN, TRUSTEE | PLAINTIFF |
| VS. | ADVERSARY NO. 06-3035 |
| THE CIT GROUP/CONSUMER FINANCE, INC.,<br>et al. | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on cross-motions for summary judgment filed herein by the Plaintiff Chapter 13 Trustee Beverly Burden ("Trustee") (Doc. 12) and by the Defendant The CIT Group/Consumer Finance, Inc. ("Creditor")(Doc. 20) as to the validity and priority of the competing interests of the Trustee and the Creditor in certain real estate owned by the Debtors Murray and Eva Armstrong located at 140 Fawn Lane, Pleasureville, Kentucky. The Trustee's adversary complaint challenges the validity of Creditor's mortgage on Debtors' property, based on an allegedly defective notarial acknowledgment in the mortgage instrument which Trustee asserts renders Creditor's mortgage lien unperfected. The Trustee further asks that the Creditor's

1

unperfected lien be avoided and preserved for the benefit of the bankruptcy estate.

The Creditor likewise seeks summary judgment (Doc. 20) based on its position that the real estate mortgage was properly acknowledged and is therefore unavoidable by the Trustee. Alternatively, the Creditor asserts that if this court determines that the mortgage was not properly acknowledged, then pursuant to KRS 382.270, as amended, the mortgage shall be deemed to be validly lodged for record and to provide constructive notice to all interested parties, including the Trustee, of its contents. The court has reviewed the Joint Stipulations (Doc. 11) submitted by the parties; the cross motions for summary judgment filed by each (Docs. 12 and 20); and their respective responses thereto (Docs. 18 and 22). By two agreed orders (Docs. 24 28), the parties advised the court that all matters necessary to decide the issues presented were properly before the court and that no hearing on the cross-motions for summary judgment nor any trial on the merits would be required. The court has jurisdiction of this matter pursuant to 28 U.S.C. 1334(b); it is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(K).

The parties stipulated to the following basic facts: The Debtors own and have titled in their name real property located at 140 Fawn Lane (Lot 60), a/k/a 98 Fawn Lane, Pleasureville, Kentucky on which is situated a 2001 Oakwood 28 X 60 mobile home. Joint Stipulation of Plaintiff Beverly Burden, Trustee, and Defendant The CIT Group/Consumer Finance, Inc., paragraphs 8-9. The parties also stipulated that the property was used by Debtors in order to finance a loan with the Creditor on November 4, 2003. *Id.* The parties apparently do not dispute that the mortgage was filed of record in the office of the Henry County Clerk on November 7, 2003. Shortly thereafter,

the Debtor Murray Armstrong executed an Affidavit of Conversion to Real Estate as to the mobile home located on the Debtors' property and said Affidavit was also filed of record in the Henry County Clerk's office on November 20, 2003. The mortgage instrument, to which the parties also stipulated, contains the following language in the acknowledgment clause: "The foregoing instrument was acknowledged before me this 4th day of November, 2003." The acknowledgment does not state the names of the parties who executed the mortgage instrument. The Debtors filed their Chapter 13 bankruptcy petition in this court on September 27, 2005.

Federal Rule of Civil Procedure 56(c), applicable in bankruptcy cases pursuant to BR 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise property supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510 (1986)(emphasis original). The summary judgment standard is set out in ***Celotex Corp. V. Catrett***, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

>party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Sixth Circuit has opined that "[r]ead together, **Liberty Lobby** and **Celotex** stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." **Street v. J.C. Bradford & Co.**, 886 F.2d 1472, 1478 (6th Cir. 1989).

The principal dispute between the parties here is whether the mortgage against Debtors' property was properly acknowledged and if not, whether the mortgage nevertheless provides constructive notice to the Trustee of the Creditor's interest in the Debtors' real property. At the outset, it is evident to the court that the Affidavit of Conversion to Real Estate, about which there appears to be no serious dispute as to its proper pre-petition execution and recording, effectively converts the mobile home from personal property to part of the real property subject to the Creditor's mortgage, as is authorized by KRS 186A.297. Accordingly, the sole issue remaining to be determined is whether the mortgage is rendered unrecordable by the allegedly defective notarial acknowledgment and therefore inferior to the Trustee's interest.

The issue of what is required for a valid certificate of acknowledgment has been addressed by the Sixth Circuit Court of Appeals in **Rogan v. America's Wholesale Lender (In re Vance),** No. 02-6537, 2004 WL 771484, at *2 (6th Cir. April 8, 2004). There the mortgage under consideration failed to include the information required by

4

KRS 423.130 in the notary's certificate, and the notarial acknowledgment was found to be defective. The defective acknowledgment made the attempted conveyance invalid as against a bona fide purchaser for value ("BFP") pursuant to KRS 382.270. The trustee, standing in the position of a BFP pursuant to Bankruptcy Code section 544(a)(3), could therefore avoid the mortgage. KRS 423.130, which sets forth the requirements for a valid notarial acknowledgment, states that

> "[t]he person taking the acknowledgment shall certify that (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and (2) The person acknowledging was known to the person taking the acknowledgment or that the person or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument."

The mortgage at issue here is defective under the provisions of **Vance,** as the certificate of acknowledgment does not identify the Debtors as the persons who acknowledged the mortgage.

Alternatively, the Creditor argues that should this court determine the acknowledgment to be defective, the Trustee may still not avoid the mortgage because of last year's amendment to KRS 382.270. The statute now provides:

> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be lodged for record and, thus, valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law. However, if a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been, prior to the effective date of this Act, otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof. As used in this section 'creditors' includes all creditors irrespective of whether or not they have

5

acquired a lien by legal or equitable or by voluntary conveyance. KRS 382.270, as amended. Unfortunately for the Creditor, Judge Howard of this court has ruled in two recent decisions, *Michael L. Baker, Trustee, v. The CIT Group/Consumer Finance, Inc., et al. (In re Hastings),* _____ B.R. _____, 2006 WL 3078989 (Bankr, E.D. Ky. October 30, 2006) and *Phaedra Spradlin, Trustee v. U.S. Bank National Association, N.D. (In re Williams),* unpublished, Adversary No. 06-7111, Doc. 36 (Bankr. E.D. Ky. November 9, 2006), that amended KRS 382.270 does not apply retroactively to deprive the Trustee of BFP status as of the date of filing of the bankruptcy case. Therefore, the Creditor may not prevail upon this defense, and the Trustee may avoid the mortgage as having been defectively acknowledged.

### ORDER and JUDGMENT

The court, being sufficiently advised, **HEREBY FINDS AS FOLLOWS:**

1. The Motion of the Trustee Beverly Burden for Summary Judgment is **SUSTAINED**, and the Motion of the Defendant The CIT Group/Consumer Finance, Inc. for Summary Judgment is **OVERRULED**.

2. It is the Judgment of this Court that the mortgage lien of The CIT Group/Consumer Finance, Inc. is avoided and the avoided mortgage is preserved for the benefit of the estate.

This is a final and appealable order.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Friday, March 30, 2007**
**(jms)**

Copies to:

L. Craig Kendrick, Esq.
J.D. Kermode, Esq.
Beverly M. Burden, Trustee, Esq.